**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4281**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

LORENZO RANTELLE NICHOLSON, a/k/a Zo,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:08-cr-00117-HMH-4)

Submitted: January 29, 2010   Decided: February 16, 2010

Before MICHAEL and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kirsten E. Small, NEXSEN PRUET, LLC, Greenville, South Carolina, for Appellant. W. Walter Wilkins, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Rantelle Nicholson pled guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d) (2006), and aiding and abetting, 18 U.S.C. § 2 (2006) (Count 1), and use and carrying of a firearm during and in relation to a crime of violence, 18 U.S.C.A. § 924(c) (West Supp. 2009) (Count 2). Nicholson was sentenced to 161 months of imprisonment. Nicholson timely appeals. Counsel has raised two issues: (1) whether Nicholson's guilty plea was knowing and voluntary and (2) whether his sentence was unreasonable. For the reasons that follow, we affirm.

The Government first asks us to dismiss the appeal, based on Nicholson's waiver of his appellate rights in his plea agreement. We decline to enforce the waiver, however, as this provision of the plea agreement was not reviewed at Nicholson's plea hearing. See United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

Nonetheless, we find that Nicholson's claims fail on the merits. First, the record reveals that Nicholson's guilty plea was knowing and voluntary. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (holding that in the absence of clear and convincing evidence to the contrary, a defendant is bound by statements made under oath during his plea colloquy). Moreover, because Nicholson did not move in the district court to withdraw

2

his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. <u>United States v. Martinez</u>, 277 F.3d 517, 524, 527 (4th Cir. 2002), which Nicholson has failed to establish.

Second, Nicholson's seventy-seven-month sentence for Count 1 and eight-four-month consecutive sentence for Count 2 represent the bottom of his correctly-calculated advisory Sentencing Guidelines range. We find no procedural or substantive error. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). Moreover, we find Nicholson's disparity argument fails. <u>United States v. Withers</u>, 100 F.3d 1142, 1149 (4th Cir. 1996). Finally, we do not review a district court's decision to deny a motion for a downward departure, unless the court was under the mistaken impression that it lacked the authority to depart. <u>United States v. Matthews</u>, 209 F.3d 338, 352-53 (4th Cir. 2000). Nicholson has pointed to no record evidence to support such a claim.

Accordingly, we affirm. We grant Nicholson's motion to file a pro se supplemental brief but find no meritorious issues raised therein. We deny Nicholson's motion to relieve counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3